| MURRAY, J.,
Dissenting with Reasons.
For the reasons that follow, I respectfully dissent.
The issue presented in these consolidated applications is whether the trial court was authorized to transfer the actions against the hospital service districts. This court’s prior writ disposition remanded the matter to the trial court with instructions to either dismiss or transfer the claim; that disposition could not and did not give to the trial court authority it did not possess.
A trial court’s authority when an action is commenced in an improper venue generally includes both dismissing the action or “in the interest of justice” transferring the action to a court of proper venue. La. C.C.P. arts. 121 and 932. “One limitation upon the court’s power to transfer to a proper forum is when an action brought in an improper venue is cumulated with an action in which venue is proper; in such cases, the Code directs that the court dis *62 miss the action brought in improper venue.” 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure, § 6.5 (1999)(citing La. C.C.P. art. 464).
No conflict exists between La. C.C.P. arts. 121 and 932, which authorize a trial court to transfer, and La. C.C.P. art. 464, which mandates a court to dismiss. The former articles apply to single actions; the latter article applies to multiple actions cumulated in a single suit. This case involves multiple actions cumulated in La single suit.[1] The controlling provision in this case is La. C.C.P. Article 464. Pursuant to that provision, the trial court was mandated to dismiss the actions against the hospital service districts.

. See La. C.C.P. art. 421 (defining a "civil action” as "a demand for the enforcement of a legal right”) and La. C.C.P. art. 461 (defining cumulation as "the joinder of separate actions in the same judicial demand").